UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CESAR TERAN SANCHEZ, | § | No. 1:25–CV–946–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| AUSTIN PRIVATE CAR SERVICE, CORP., CITY OF AUSTIN OFFICE OF CIVIL RIGHTS, and U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("the Report") filed by Magistrate Judge Susan Hightower on July 24, 2025. (Dkt. # 9.) On September 4, 2025, Plaintiff Cesar Teran Sanchez ("Sanchez") timely filed objections to the Report. (Dkt. # 10.) Sanchez also filed a Motion to Supplement his Response on September 4, 2025. (Dkt. # 19.)

After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Recommendation (Dkt. # 9) and **DISMISSES WITH PREJUDICE** Sanchez's claims against the U.S. Equal Opportunity Employment Commission ("EEOC"). (Dkt. # 14).

BACKGROUND

Sanchez, an Arizona resident, had applied for a job with Austin Private Car Service, Corp. (“APCS”). (Dkt. # 9 at 1.) Sanchez alleged he was denied the job in retaliation for a prior civil rights lawsuit he filed against a prior employer. (Id.) Sanchez also alleges that he submitted a retaliation complaint to the City of Austin’s Office of Civil Rights (“OCR”). (Id.) Sanchez contends that OCR staff did not handle his intake appropriately but referred his complaint to the EEOC. (Id. at 1–2.) Once his complaint was with the EEOC, Sanchez alleges that he encountered “persistent technical failures.” (Id. at 2.) On June 13, 2025, Sanchez filed suit in this Court against APCS, OCR, and the EEOC. (Dkt. # 1.) Against the EEOC, Sanchez alleges claims under 42 U.S.C § 1983; the Administrative Procedure Act, 5 U.S.C. §§ 555, 706; and § 508 of the Rehabilitation Act. (Dkt. # 9 at 2.) Against OCR, Sanchez alleges violations of the Fourteenth Amendment and 42 U.S.C. § 1983. (Id.) As to APCS, Sanchez alleges violations under 42 U.S.C. §§ 1981 and Title VII of the Civil Rights Act. (Id.)

On June 13, 2025, Sanchez filed a Motion to Proceed in Forma Pauperis, which was referred to Magistrate Judge Hightower by Standing Order. (Dkts. ## 2, 3.) Sanchez also filed a Motion to Seal, which was referred to Judge Hightower on June 26, 2025. (Dkt. # 5.) Judge Hightower filed a Report on both

Motions on July 24, 2025. (Dkt. # 9.) Judge Hightower recommended that Sanchez's claims against the EEOC be dismissed for lack of subject matter jurisdiction based on sovereign immunity and that the Motion to Seal be denied for failure to show good cause. (DKt. # 9 at 4, 5.) Sanchez timely filed Objections to the Report on July 26, 2025, objecting only to the dismissal of his claims against the EEOC. (Dkt. # 10.) Sanchez also filed a Supplemental Memorandum in Support of his objections to the Report on September 4, 2025, which was not timely filed and also only objected to the dismissal of his claims against the EEOC. (Dkt. # 19.) The EEOC, APCS, and OCR have not objected to the Report.

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

Sanchez only objects to the Report's recommendation that his claims against the EEOC be dismissed based on sovereign immunity. (Dkt. # 10.) Thus, the Court will only review the Report's recommendation to dismiss Sanchez's claims against the EEOC under de novo review. 28 U.S.C. § 636(b)(1)(C). Additionally, the Court does not consider Sanchez's supplemental objections, as they were not timely filed. (Dkt. # 19.)

The Magistrate Judge interpreted Sanchez's claims against the EEOC to consist of claims under "42 U.S.C. § 1983; the Administrative Procedure Act, 5 U.S.C. §§ 555, 706; and Section 508 of the Rehabilitation Act, 29 U.S.C. § 794d." (Dkt. # 9 at 2.) The Magistrate Judge determined that these claims did not fall within any congressional waivers of immunity. (Dkt. # 9 at 4.) For this reason, the Magistrate Judge recommended that Sanchez's claims against the EEOC be dismissed. (Id.)

Sanchez objects to the Magistrate Judge's recommendation regarding his claims against the EEOC. (Dkt. # 10.) Sanchez argues that his claims under the Administrative Procedure Act ("APA") are not barred by sovereign immunity because he is not seeking monetary relief and is challenging a final agency action that was arbitrary, capricious, and deficient. (Id. at 3.) Further, Sanchez contends that the EEOC violated his due process rights, Title VII, and 29 U.S.C. § 794(d). (Id.)

Upon review, Sanchez's Amended Complaint does not allege Title VII violations against the EEOC (Dkt. # 14 at 4–6) and Magistrate Judge Hightower's analysis covered his 29 U.S.C. § 794(c) claim as well as his due process claim under § 1983. (Dkt. # 9 at 2, 4.) Sovereign immunity bars Sanchez's § 1983 due process and Rehabilitation Act claims against the EEOC as a matter of law. Newsome v. E.E.O.C., 301 F.3d 227, 233 (5th Cir. 2002). Congress waived sovereign immunity for Title VII and Rehabilitation Act claims for unlawful employment practices; however, Sanchez was not an EEOC employee. Cobb v. Kendall, No. 3:22-CV-1867-B-BH, 2023 WL 4534955, at *4 (N.D. Tex. June 28, 2023), *report and recommendation adopted*, No. 3:22-CV-1867-B-BH, 2023 WL 4533676 (N.D. Tex. July 13, 2023). Further, sovereign immunity bars Sanchez's claims under the APA and 5 U.S.C § 2302 as there is no waiver of immunity allowing an individual to sue the EEOC for its administrative

processing of discrimination complaints. Hornsby v. Lutnick, No. 3:24-CV-2663-E-BW, 2025 WL 3899281, at *8 (N.D. Tex. Dec. 8, 2025), report and recommendation adopted, No. 3:24-CV-2663-E-BW, 2026 WL 39892 (N.D. Tex. Jan. 6, 2026) (citing Storey v. Rubin, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997)). Therefore, Sanchez's claims against the EEOC are barred by sovereign immunity.

Sanchez did not object to Judge Hightower's recommendation to deny his Motion to Seal. (Dkt. # 10.) Therefore, the Court reviews that recommendation to determine whether it is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d at 1221. Judge Hightower recommended Sanchez's Motion to Seal be denied because he failed to show good cause for redaction or sealing. (Dkt. # 9 at 5.) The Court finds this recommendation to be reasonable and absent of clear error. (Id.) Therefore, the Court determines Judge Hightower's recommendation to deny the Motion to Seal is neither clearly erroneous nor contrary to law.

## CONCLUSION

Accordingly, the Court **ADOPTS** the Report by Magistrate Judge Hightower as the opinion of the Court (Dkt. # 9), and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant, the Equal Opportunity Employment Commission. Further, Plaintiff's Motion to Supplement Response to Motion (Dkt. # 19) is **DENIED**.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, September 3, 2026.

__________________________________
David Alan Ezra
Senior United States District Judge